IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-00274-01-CR-W-HFS |
| | ) | |
| TERRY LEE RICH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This ruling, adverse to the prosecution, constitutes a mid-trial disposition of a failure to register charge against a sex offender. According to a filed stipulation of facts, defendant has three pertinent Oregon convictions and two California convictions, dating from 1971-1998. He most recently was imprisoned in Iowa for failing to register as a sex offender. He submitted a registration form for Iowa while imprisoned and was released in February, 2006. In March, 2006, it was discovered that he no longer lived at his Iowa address. The parties agree that he was living in Kansas City, Missouri, from as early as March, 2006. He is being prosecuted for violation of the federal registration law enacted in late July, 2006. 18 U.S.C. § 2250 (a).

The statute in question (sometimes referred to as SORNA or the Walsh Act) creates felony violations for federal law sex offenders who fail to register and also for a state law sex offender who "travels" in interstate commerce and fails to register. According to the Government's proof at trial defendant did not travel across state lines after the law was enacted.

Much district court litigation has occurred this year regarding the coverage of the Walsh Act. Some cases reject prosecutions like this one because of Ex Post Facto considerations. Others reject

the constitutional questions that have been asserted. As indicated in my earlier ruling, declining to dismiss the indictment, I am skeptical of the constitutional challenges. Doc. 37, attached. In that respect I disagree with the Report and Recommendation favoring dismissal. Doc. 30, attached. On further consideration, and based on the stipulation that the known travel of defendant was before the law was enacted, I do agree with Part IV of the Report and Recommendation, dealing with the "Meaning of Travels."

Fairly read, it seems clear to me that the criminal provisions apply only to persons with state law sex offender records who travel on or after the date of the statute and thereafter fail to comply with the registration requirement of SORNA.[1]

My reading of the need to show interstate travel on or after the date of enactment of SORNA has been accepted by a number of district and magistrate court judges, beginning perhaps with United States v. Bobby Smith, 481 F.Supp.2d 846, 850-51 (E.D.Mich.. 2007). See a rather current listing of such cases in United States v. Gill, 2007 WL 3018909 (D.Utah), footnote 27. It does not take much cogitation to determine the "meaning of what 'is' is." The Report and Recommendation here is but the latest of a growing number of rulings to the same effect.

Some rulings that do favor the Government simply fail to mention the statutory use of the present tense in punishing a non-registrant who "travels". There is apparently no judicial discussion, even a sentence or two, favoring the Government's retroactive reading of the statute, where travel has occurred before the date of enactment of SORNA.

---

[1] Defendant apparently is also in violation of the federal Wetterling Act and of a Missouri statute, both punishing failure to register. I understand that prosecutions are deemed unlikely because SORNA, unlike prior legislation, contains much greater exposure to imprisonment.

2

Government counsel fails to cite any federal ruling disregarding present tense wording in a statute. I am aware that Congress is probably unanimous in decrying sex offenses involving children, and the context of the legislation may suggest that Congress favored very comprehensive coverage in general, and casting a net for culprits as broadly as feasible. One might suppose that the issue of federalism might intrude at some point, however, so that sex offenses remain, as they traditionally have been, matters for local prosecution. But coordination of registration is doubtless of considerable federal law enforcement concern.

Current federal statutory construction has taken a distinct turn toward literalism, perhaps in reaction to calls for "judicial self-restraint". As Justice Ginsburg recently wrote, "we do not agree that the Act's purpose requires us to disregard the text formulation Congress adopted." Jefferson County, Alabama v. Acker, 527 U.S. 423, 434 (1999). Just this week the Court cited a ruling from the 1920s observing that judicial tinkering with statutory language to correct mistakes and unintended omission "'transcends the judicial function'". Logan v. United States, ___ U.S. ___ (December 4, 2007), footnote 6, quoting from Iselin v. United States, 270 U.S. 245, 251 (1926).

Reliance on statutory use of the present tense is favored in United States v. Wilson, 503 U.S. 329, 333 (1992) (cited in the Report and Recommendation). The Report and Recommendation also noted that the Government cited legislative history changing "thereafter travels" to simply "travels". There is, in my opinion, no ambiguity requiring use of legislative history. If meaningful, one could suggest that "thereafter" was deleted as an unnecessary word. The change does suggest that someone in drafting the statute did consider the issue I find dispositive. If so, and if "having traveled" was really intended, it could easily have been supplied, and can doubtless be offered now as an amendment of the statute.

3

The Government does not contend, as was done in Logan, that a literal reading is "absurd". It seems to me quite reasonable for someone to have anticipated an Ex Post Facto controversy, and to have used the present tense to avoid that argument (although I do not agree that a former traveler must be exempted from punishment for failing to register, as newly required by SORNA). See Doc. 37 and Gill, supra..

Another reasonable source of the "travels" language is an earlier sex offense statute, the PROTECT Act, which applies to a citizen "who travels in foreign commerce" and engages in misconduct. Post-enactment activity for both traveling and misconduct was deemed to be required by that act. United States v. Jackson, 480 F.3d 1014 (9th Cir. 2007). If the drafters of SORNA were familiar with the language of the PROTECT Act, as seems likely, the word "travels" may have been used again even though there are dissimilarities in the legislation.

Whether or not there was a legislative blunder, the wording should be enforced as written, until it is changed by Congress. "Travels" means post-enactment conduct, which did not occur here.

The defendant's motion for judgment of acquittal at the end of the prosecution's case is therefore GRANTED. Since no detainer has been filed and none is being sought, the defendant shall be released from custody forthwith. SO ORDERED.

       /s/ Howard F. Sachs
       HOWARD F. SACHS
       UNITED STATES DISTRICT JUDGE

December 5, 2007

Kansas City, Missouri